Case 6:15-cv-00093   Document 36   Filed in TXSD on 05/13/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | |
|---|---|
| HERMAN LEE KINDRED, § | |
| #671207 § | |
| § | |
| VS. § | CIVIL ACTION NO. V-15-093 |
| § | |
| WILLIAM STEPHENS, § | |
| Director, Texas Department of Criminal § | |
| Justice, Correctional Institutions Division § | |

## REPORT AND RECOMMENDATION

Before the court by referral is the petition for writ of habeas corpus of Herman Lee Kindred, a Texas prisoner confined as a result of a conviction in Jackson County located within the Victoria Division of the Southern District of Texas. Respondent, William Stephens, has moved to have the petition dismissed.

The relevant facts must be set forth in some detail.

On March 18, 2013, Kindred was employed as a truck driver for XH Transportation, a company owned by Ron White. On that day Kindred, who was wearing a do-rag on his head and a khaki colored shirt, was driving a blue tanker truck clearly marked with the company's name. Around 10:30 that night Kindred stopped at the Love's Travel Stop in Edna, Texas, to refuel. Kindred entered the store and was greeted at the kiosk register by Sabrina Reyes, a Love's employee. Kindred handed her his diesel data card and she swiped it in the machine to activate the refueling of his truck. After Kindred refueled he returned

to the kiosk and Reyes gave him his receipt. Reyes estimates the entire transaction which was video taped by one of the store's surveillance cameras took about 30 seconds.

Kindred left the store, but returned within minutes. He stole a short recharging hose and put it down his pants. He then stole a duffle bag, unboxed a small television, placed the stolen television in the bag and left the store with all of the items. The entire theft was also video taped by one of the store's surveillance cameras.

As the theft was being committed a man walked up to the kiosk and slid a business card to Reyes. On the card was a note that the driver of the blue XH tanker truck had just stolen a television. Reyes ran out of the store and saw the blue tanker truck driving away down the highway.

The store manager, Leonardo Vitiello, was informed of the theft and he and Reyes viewed the video tapes of the fuel transaction and the theft. The police were called and Officer Tipton soon arrived. Tipton got a description of Kindred from Reyes and a description of the blue tanker truck from Vitiello. He also viewed the video of the theft. He then went to his patrol car and used his in-car computer to locate the phone number for XH Transportation. He called, spoke with White, and learned that one of his drivers, Herman Lee Kindred, was probably in the Edna area. Tipton asked White to call Kindred to see where he was. White called Kindred and Kindred confirmed he had purchased gas in Edna. White then called Tipton and told him Kindred had refueled in Edna, but he could not determine his present location.

Tipton also used his in-car computer to locate Kindred's driver's license and he printed a copy of it. Tipton compared Kindred's license photo with the video and determined Kindred might be the thief. Apparently, Tipton also showed the license photo to Reyes, the only person who had had face to face contact with the thief, and Reyes positively identified the photograph as the man who had purchased the fuel.

Kindred was arrested about one month later in his home town of Temple, Texas. He was indicted for misdemeanor theft enhanced to a second degree felony by two prior convictions. Prior to trial Kindred moved to suppress Reyes's identification testimony but that motion was denied at the conclusion of a suppression hearing. Kindred then pleaded not guilty and elected to have the jury assess any punishment. During trail Reyes was permitted to identify Kindred as the man who purchased the fuel. White, who had been sent a copy of the video also identified Kindred as the man in the video stealing the television. The jury convicted Kindred, heard testimony of his extensive criminal record, found the enhancements to be true, sentenced him to 20 years confinement and assessed a $10,000.00 fine. Kindred's conviction was affirmed, his state habeas petition was denied and his federal petition is now ripe for a determination.

The primary claim asserted by Kindred *ad nauseum* in his numerous submissions is that his lawyer's failure to successfully challenge the admissibility of Reyes's testimony and the video tape was ineffective assistance. He argues that without use of the video as evidence there is no evidence at all that shows he committed any crime.

A premise of this claim is that the single photo "line-up" used by Tipton to identify Kindred as the man who purchased the fuel in the video was impermissibly suggestive. This part of Kindred's claim is without merit. Counsel vigorously challenged Reyes's identification testimony at the suppression hearing. Trial counsel argued that this alleged impermissibly suggestive procedure precluded that use of Reyes's testimony to identify Kindred at trial. That, in fact, was the only potential legal remedy that was available to Kindred and the trial court properly denied Kindred's motion to suppress. The court announced it would evaluate the evidence under the "five prong" test. It then implicitly found that Reyes had had a good opportunity to view Kindred during the refueling transaction; that she had been attentive during her interaction with him; that she had given an accurate description of him to Tipton before she saw his driver's license photo; that her level of certainty as to Kindred's identification was absolute; and that her identification had been made within a close enough time of the crime to be reliable and admissible. See, Neil v. Biggers, 409 U.S. 188, 199 (1972) (reciting the five non-exclusive factors to evaluate the corrupting effect of a suggestive identification.) There was no evidence that the one photo line-up was "impermissibly" suggestive or created a very substantial likelihood of irreparable misidentification by Reyes. See, Manson v. Breathwhite, 432 U.S. 98, 116 (1977). Consequently, counsel's efforts cannot be found ineffective in this regard.

Kindred also argues that providing a copy of the video to White to view prior to trial tainted the video tape itself and rendered it inadmissible as proof of his guilt. This argument makes little sense. The video does not itself identify Kindred as the thief, it merely depicts

4

someone in that role who might possibly be identifiable by someone else. In <u>Jennings v. State</u>, 2003 WL 21466929 (Tex. Crim. App., June 6, 2003), the court affirmed the defendant's conviction based upon some friends and acquaintances' identification of him on a convenience store's surveillance video tape. The court held that the video tape was not impermissibly suggestive and tainted because it merely depicted the actual perpetrator of the crime, therefore, it was not a photo line-up at all and the police did not have to attempt to recreate the crime with different actors. In this case the proper predicate was laid for the admission of the video tape and Ron White, who knew Kindred, was able to positively identify him as the thief it portrayed. Even if Reyes's identification testimony had been suppressed, Kindred's identify was conclusively established at trial through White's testimony. Therefore, Kindred's argument that his attorney failed to have the video suppressed is without merit.

In ground two Kindred argues that his lawyer was ineffective by agreeing to a motion in limine not to mention Kindred was eligible for "deferred adjudicated probation" before the jury during voir dire. This ground is without merit. The motion in limine did not expressly address deferred adjudication only probation, nevertheless, deferred adjudication is only available to a defendant who pleads guilty or *nolo contendre*. Tex. Code Crim. Proc., Art. 42.12 § 5. Kindred pleaded not guilty and went to trial. As to probation, Kindred elected to have the jury assess any punishment so his prior felony conviction in 1993 for felony theft precluded any probated sentence. Tex. Code Crim. Proc., Art. 42.12 § 4(e).

As part of ground three Kindred faults his attorney for not seeking an examining trial or a probable cause hearing, but there is no basis for this argument. The Constitution does not guarantee an examining trial or preliminary hearing, see, Siwakowski v. Beto, 455 F.2d 915, 916 (5th Cir. 1972), and the return of the indictment against Kindred conclusively established the existence of probable cause that Kindred committed the crime. Gerstein v. Pugh, 420 U.S. 103, 117, n.9 (1975).

Also as a part of ground three is Kindred's claim that there was no probable cause to arrest him in the first place. This claim would only be cognizable under the Fourth Amendment and, therefore, it will not provide a basis for federal habeas relief in this case. Texas law provides a defendant a full and fair opportunity to litigate any Fourth Amendment claim, Register v. Thaler, 681 F.3rd 623, 628 (5th Cir. 2012), and under Stone v. Powell, 428 U.S. 465 (1976), the mere existence of that opportunity, regardless of the defendant's use of the process bars federal habeas relief.

For all of the foregoing reasons, it is the recommendation of this court that the petition for a writ of habeas corpus of Herman Lee Kindred be dismissed.

The clerk shall send a copy of this report and recommendation to the parties who shall have until June 17, 2016, to file any written objections.

Done at Galveston, Texas, this _____13th_____ day of May, 2016.

_____
John R. Froeschner
United States Magistrate Judge